IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT DUANE FRANKLIN,

    Petitioner,　　　　　　　　　No. CIV S-11-2498 CKD

  vs.

KATHLEEN L. DICKINSON,

    Respondent.　　　　　　　　　ORDER AND

    _____/　FINDINGS AND RECOMMENDATIONS

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition alleges that prison officials violated petitioner's constitutional due process rights by denying him family visitation privileges. Petitioner also claims that prison officials retaliated against him for exercising his First Amendment rights.

        Petitioner's challenges to his conditions of confinement are properly the subject of an action brought pursuant to 42 U.S.C. § 1983. Such actions have different procedural and exhaustion requirements, and are governed by a different body of substantive law, than actions seeking a federal writ of habeas corpus. As the United States Supreme Court has stated:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the

1

> province of habeas corpus, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. . . . Federal petitions for habeas corpus may be granted only after other avenues of relief have been exhausted. 28 U.S.C. § 2254(b)(1)(A). [Citation.] Prisoners suing under § 1983, in contrast, generally face a substantially lower gate, even with the requirement of the Prison Litigation Reform Act of 1995 that administrative opportunities be exhausted first. 42 U.S.C. § 1997e(a)**.**

<u>Muhammad v. Close</u>, 540 U.S.749, 750-751 (2004) (per curiam).

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain from the petition and appended exhibits that petitioner is not entitled to federal habeas relief. Therefore, the petition should be summarily dismissed.[1]

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to serve a copy of the petition filed in this case together with a copy of these findings and recommendations on the Attorney General of the State of California, and is directed to assign a district judge to this case.

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. Petitioner is advised that failure to file objections

---

[1] Petitioner may re-file the instant claims in an action pursuant to section 1983. Petitioner is advised that the statutory filing fee for such an action is $350.00. 28 U.S.C. §§ 1914(a), 1915(b)(1). A section 1983 inmate plaintiff proceeding in forma pauperis is obligated to pay this fee in monthly installments from his or her prison trust account.

1 within the specified time may waive the right to appeal the District Court's order. Martinez v.
2 Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 7, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
fran2498.156b